# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**JERRY KIRSCH, individually and as Co-Trustee of the JERRY KIRSCH LIVING TRUST, and KATHLEEN KIRSCH, as Co-Trustee of the JERRY KIRSCH LIVING TRUST,**

      **Plaintiffs,**

Case No. 00-72775

v.

HONORABLE DENISE PAGE HOOD

**CANON USA, INC. and CANON COMPUTER SYSTEMS, INC.,**

      **Defendants.**

_____/

## ORDER GRANTING MOTION TO DISMISS BASED ON COLLATERAL ESTOPPEL

Defendant Canon U.S.A., Inc. ("Canon")[1] moves to dismiss Plaintiffs' Complaint alleging infringement of U.S. Patent No. 4,816,911 ("'911 patent"). Canon argues that because this Court held that the '911 patent is invalid in Plaintiffs' lawsuit against Xerox Corporation ("Xerox"), Plaintiffs' Complaint against Canon should be dismissed based on collateral estoppel.

On March 27, 2009, the Court issued an opinion granting Xerox's Motion for Summary Judgment based on invalidity under 28 U.S.C. § 102(b) and dismissing Plaintiffs' patent action against Xerox. Canon claims that on April 3 and 9, 2009, its counsel conferred with Plaintiffs' counsel to obtain Plaintiffs' consent to submit a joint stipulated order of dismissal to dismiss the suit against Canon based on the doctrine of collateral estoppel, which request was denied by Plaintiffs.

---

[1] Defendant Canon Computer Systems, Inc. no longer exists and its former business operations are now part of Canon U.S.A., Inc.

Plaintiffs respond that there has been no determination that claims 2, 4 and 6 are invalid, therefore, there has been no "actual decision" that the '911 patent is invalid and the motion is premature since the Court has yet to rule on Plaintiffs' Motion for Reconsideration.

The Supreme Court in *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 313 (1971) set forth the appropriate legal test for determining whether a patentee should be collaterally estopped from asserting the patentee's alleged patent right. The Supreme Court held that a prior determination of a patent invalidity may be asserted as a defense to a subsequent attempt to enforce the patent and that this defense must be accepted by a court unless the patentee demonstrates that the patentee was denied a full and fair opportunity to litigate the validity of the patent in a prior unsuccessful action. *Stevenson v. Sears, Roebuck & Co.,* 713 F.3d 705, 709 (Fed. Cir. 1983). A judgment on the merits in a first suit precludes relitigation in a second suit of issues actually litigated and determined in the first suit. *In re Freeman,* 30 F.3d 1459, 1465 (Fed. Cir. 1994). There are four prerequisites in order to apply issue preclusion, also known as collateral estoppel, against a party: "(1) identity of the issues in a prior proceeding; (2) the issues were actually litigated; (3) the determination of the issues was necessary to the resulting judgment; and, (4) the party defending against preclusion had a full and fair opportunity to litigate the issues." *Jet, Inc. v. Sewage Aeration Sys.,* 223 F.3d 1360, 1365-66 (Fed. Cir. 2000).

The issues involved in the Xerox case are identical to the issues involved in this case. Plaintiffs allege that Canon infringed on the '911 patent. In its defense, like Xerox's defense, whether the '911 is valid. Plaintiffs do not challenge that the issues in the Xerox action are not identical to the issues in this action against Canon.

The determination of the issue of invalidity in the Xerox case was necessary to the judgment

entered in favor of Xerox and against Plaintiffs. Plaintiffs do not challenge otherwise.

Plaintiffs, the party defending against preclusion in this case, had a full and fair opportunity to litigate the invalidity issue, having filed response and supplemental briefs on the issue.

Plaintiffs are claiming that the issues are not fully litigated. Specifically, Plaintiffs argue that the Court did not "directly determine" or "actually decide" that claims 2, 4 and 6 of the '911 are invalid. As stated in this Court's order denying Plaintiffs' Motion for Reconsideration, claims 2, 4 and 6 are invalid as well. Plaintiffs' argument on this issue is essentially a reconsideration argument, which the Court addressed in the Order denying Plaintiffs' Motion for Reconsideration. All the claims have been fully litigated.

Plaintiffs also argue that in terms of fairness, it was Defendants who have pursued a "scorched earth litigation strategy and peppered the Court with motions that have delayed the matter," arguing that it would be unfair to punish Plaintiffs for the delays in this matter. The Court is not dismissing this matter because of any delays caused by the parties or the Court. The Court will not review the record to determine which party has filed more motions. The Court's docket involving the several cases brought by Plaintiffs against various Defendants speaks for itself. The Court dismisses this action based on its finding that issue preclusion or collateral estoppel is applicable.

Plaintiffs seem to argue that the Court should not dismiss this case based on collateral estoppel, noting the Supreme Court's notation in *Blonder-Tongue* that, "[i]n the end, decision [regarding collateral estoppel] will necessarily rest on the trial courts' sense of justice and equity." *Blonder-Tongue,* 402 U.S. at 334. This Court notes that the Supreme Court went on to state that, "[w]hatever legitimate concern there may be about the intricacies of some patent suits, it is

insufficient in and of itself to justify patentees relitigating validity issues as long as new defendants are available. This is especially true if the court in the second litigation must decide in a principled way whether or not it is just and equitable to allow the plea of estoppel in the case before it." *Id.* at 334. The Court in this case is applying issue preclusion against Plaintiffs because the four prerequisites in its application have been met.

Plaintiffs finally argues that this motion is premature given that this Court has yet to rule on Plaintiffs' Motion for Reconsideration. The Court has now issued its decision denying the Motion for Reconsideration, therefore, the motion is not premature.

Accordingly, for the reasons set forth above,

IT IS ORDERED that Canon's Motion to Dismiss **(Doc. No. 65, filed 4/13/2009)** is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.

                                                 S/Denise Page Hood
                                                 Denise Page Hood
                                                 United States District Judge

Dated: September 30, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2009, by electronic and/or ordinary mail.

                                                 S/William F. Lewis
                                                 Case Manager